# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 20, 2001

## STATE OF TENNESSEE v. WILLIAM GREER

**Direct Appeal from the Circuit Court for Coffee County**
**No. 29,298     L. Craig Johnson, Judge**

---

### No. M2001-00244-CCA-R3-CD - Filed June 29, 2001

---

The Appellant, William Greer, was indicted on one count of theft of property under $500, one count of fraudulent use of a debit card, and one count of misdemeanor assault. Prior to trial, the assault charge was severed. A Coffee County jury found the Appellant guilty of one count of fraudulent use of a debit card, a class A misdemeanor. The Appellant was sentenced to ninety (90) days in the Coffee County jail.[1] Greer appeals his conviction contending that (1) the evidence is insufficient to support his conviction and (2) the unsolicited comments of the victim relating to the Appellant's severed charge of assault resulted in reversible error. After review of the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., and L. T. LAFFERTY, Sp. J., joined.

Mark Stewart, Winchester, Tennessee, for the Appellant, William Greer.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Thomas E. Williams, III, Assistant Attorney General, C. Michael Layne, District Attorney General, and Kenneth J. Shelton, Jr. and Stephen E. Weitzman, Assistant District Attorneys General, for the Appellee, State of Tennessee.

---

[1] The judgment form in the present case fails to reflect the ninety-day period of incarceration in the county jail, contrary to the Sentencing Order entered by the court. Additionally, we note that the judgment form utilized by the trial court does not comply with Supreme Court Rule 17 (uniform judgment document). The "uniform judgment document" adopted for use by our supreme court contains within the form a "period of incarceration to be served prior to release on probation," which is omitted from the judgment form utilized by the Coffee County Circuit Court.

## OPINION

## Background

In early 1998, Kathy Spencer and the Appellant met each other through a mutual friend at the VFW Club in Tullahoma. Shortly thereafter, the Appellant and Ms. Spencer began dating. During the course of their relationship, Ms. Spencer provided the Appellant with the passcode to the keyless entry system to her Cougar automobile. Around the first week of July, the couple terminated their relationship. Notwithstanding their breakup, there were occasions when they would still contact one another.

On the evening of July 24, 1998, Ms Spencer was at the Office Lounge, a "local beer joint," dancing with Troy Davis. Prior to entering the establishment, Ms. Spencer had placed her purse in the trunk of her automobile. During the evening, she noticed the Appellant walk in the establishment, look around, and leave. Between 12:30 and 1:00 a.m., Ms. Spencer returned to her vehicle to return home. She was followed to her home by Davis, where the two had planned to meet with several other friends for an early breakfast. Upon approach to her residence, Ms. Spencer and Troy Davis were confronted by the Appellant. Later, when she went to retrieve her purse from the trunk of her car, she discovered that it was missing. Ms. Spencer testified that her purse contained "[her] driver's license, [her] Social Security card, credit cards, [her] ATM machine card. [She] had some cash [and] . . . personal items." At this point, Ms. Spencer notified the Tullahoma Police Department.

Ms. Spencer was subsequently notified by her credit union of an unauthorized $300 withdrawal from her savings account. The transaction was made at 3:00 a.m. on July 25, 1998. Ms. Spencer's wallet was eventually recovered near Pleasant Grove Lake; virtually all of the contents had been removed.

Tullahoma Police Officer Tilden Stubblefield received the complaint involving the unauthorized transaction of Ms. Spencer's credit union account. During his investigation, he received photographs from an employee of the Credit Union representing a "guy sitting at the teller window . . . at AEDC in Tullahoma" at the approximate time of the unauthorized withdrawal from Ms. Spencer's account. Although the man in the photograph was attempting to shield his face from the camera, he bore a resemblance to the Appellant.

## I. Sufficiency of the Evidence

The Appellant contends that the State failed to prove him guilty of the offense of fraudulent use of a debit card beyond a reasonable doubt. The Appellant challenges the sufficiency of the convicting evidence alleging that (1) the victim, Kathy Spencer, was not a credible witness and (2) the jury verdicts were inconsistent, *i.e.*, the jury found the Appellant not guilty of theft of the debit

card but found him guilty of its unlawful use.[2]  In this case, the Appellant argues that the testimony of the State's only witness linking the Appellant to the commission of the crime, Kathy Spencer, was not credible.  Within his argument, the Appellant specifically asks this court to consider "what kind of individual the 'purported victim' is in this case."

Essentially, the Appellant asks this court to trespass upon the jury's duty to evaluate the credibility of the witnesses and reweigh the evidence introduced at the trial by reassessing the credibility of the victim.  It is not the prerogative of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact.  See generally State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995); State v. Boling, 840 S.W.2d 944, 947 (Tenn. Crim. App. 1992).  We decline the Appellant's invitation to overturn his conviction by making a choice different from that of the jury.

It is undisputed that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  Jackson v. Virginia, 443 U.S. 307, 315, 99 S. Ct. 2781, 2789 (1979);  In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970).  The relevant question upon a sufficiency review of a criminal conviction, be it in the trial court or an appellate court, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. at 319, 99 S. Ct. at 2789; see also Tenn. R. App. P. 13(e); Tenn. R. Crim. P. 29(a).  A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). When a conviction is based purely on circumstantial evidence, the facts and circumstances must be so overwhelming as to exclude any other explanation except for the defendant's guilt.  State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987).  In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that the [Appellant] is the one who committed the crime."  Tharpe, 726 S.W.2d at 896.

The proof presented at trial revealed that, on the evening of July 24, Ms. Spencer left her purse in the trunk of her vehicle while dancing at the Office Lounge.  She had previously dated the Appellant, during which time she had provided the Appellant access to her Cougar automobile, including providing him the passcode to the vehicle's keyless entry system.  While at the club, Ms. Spencer observed the Appellant briefly appear on the club's premises.  Later that evening, after returning to her residence, Ms. Spencer and an acquaintance were confronted by the Appellant in Ms. Spencer's neighborhood.  Shortly thereafter, Ms. Spencer realized that her purse was missing from the trunk of her vehicle.  Two photographs of a man resembling the Appellant withdrawing funds

---

[2]At times within his sufficiency argument, the Appellant appears to acknowledge that he did make a $300 withdrawal from the victim's account on July 25, 1998, at 3:00 a.m.  The Appellant suggests the withdrawal was authorized by the victim.  We find it unnecessary to address this speculation which is unsupported by the proof and directly contradicted the victim's testimony.

from an ATM teller at the approximate time an unauthorized withdrawal was made from the victim's savings account were introduced at trial.[3] Finally, the proof established that Ms. Spencer did not consent to the Appellant's use of her debit card. Inconsistent jury verdicts are not fatal to a conviction. The Appellant's argument that he cannot be found guilty of fraudulent use of the debit card due to the jury's finding of not guilty as to the charge of theft is without merit. The law in this state is that "consistency between verdicts on separate counts of an indictment is not necessary." Wiggins v. State, 498 S.W.2d 92, 93 (Tenn. 1973); see also State v. Gennoe, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992). This court has stated that "[i]nconsistent verdicts are permitted as long as there is sufficient evidence to permit a rational fact finder to find a defendant's guilt beyond a reasonable doubt on the charges on which the defendant was convicted." State v. Tony Scott Walker, No. 02C01-9704-CC-00147 (Tenn. Crim. App. at Jackson, Dec. 3, 1997). We conclude that this evidence excludes every reasonable hypothesis but that of the Appellant's guilt for the offense of fraudulent use of a debit card. See Tenn.Code Ann. § 39-14-118 (1997). This issue is without merit.

## II. Prior Bad Act

During the State's case-in-chief, Kathy Spencer, on re-direct examination, provided an unsolicited statement regarding the events of the evening of July 24th. Specifically, in response to questions regarding the circumstances existing at the time Ms. Spencer returned to her home that evening, Ms. Spencer commented that "[the Appellant] had gotten out [of his vehicle] and jumped onto Troy [Davis]."[4] At this point, defense counsel objected. Before the court could rule on the objection, the prosecution moved to strike "that portion of her testimony not relevant to this inquiry and I ask Your Honor to give a curative instruction to the jury to disregard what she said that's not relevant to the question." The trial court then instructed the jury:

> Ladies and gentlemen, disregard the last statement of the witness, Ms. Spencer, and any action by Mr. Greer against another person would not be relevant to what Mr. Greer is charged with. Okay. Does everybody understand that?
>
> You are not to consider that last statement. It is stricken from the record. Very well.

___

[3]We note that the State did not offer proof that the person in the photographs was the Appellant. Although the better practice would have been for the State to have established the identity of the person in the photographs through the testimony of the victim, the State's failure to introduce such proof is not fatal. In State v. Williams, 913 S.W.2d 462, 466 (Tenn. 1996), our supreme court concluded that, even absent such proof, the jury could have considered the photographs as evidence of identity. In so holding, the court reasoned that, "[p]hotographs . . . have been described as recorded real evidence. . . . If properly authenticated, such recordings constitute real evidence from which a trier of fact is able to draw a first-hand sense impression of the facts, as opposed to evidence which serves merely to report to the trier of fact the secondhand sense impression of others." Williams, 913 S.W.2d at 466 (internal citations omitted).

[4]This incident with Troy Davis is the basis for the severed charge of assault against the Appellant.

-4-

The Appellant complains that testimony of this incident is not relevant and is more prejudicial than probative. Accordingly, he asserts that "no curative instructions from the Court could erase from the minds of the jurors the State's witness' testimony with regard to this purported altercation" and, therefore, the admission of Ms. Spencer's testimony amounts to reversible error.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Tenn. R. Evid. 401. Again, the unsolicited testimony of Ms. Spencer, *i.e.,* the Appellant "jumped onto Troy,"documented the nature of the <u>severed</u> charge of assault against the Appellant. The testimony was not necessary to establish any element of the crimes charged, *i.e.*, theft of property and fraudulent use of a debit card. <u>Cf</u>. <u>State v. Thomas E. Davenport</u>, No. M2000-00317-CCA-R3-CD (Tenn. Crim. App. at Nashville, Nov. 17, 2000) (evidence of severed charge irrelevant). At trial, the State conceded that the testimony was "not relevant" and asked the court to "give a curative instruction to the jury to disregard what she said." The trial court cured any potential error by instructing the jury not to consider the unsolicited testimony. <u>State v. West</u>, 767 S.W.2d 387, 397 (Tenn. 1989), <u>cert denied</u>, 497 U.S. 1010, 110 S. Ct. 3254 (1990); <u>State v. Taylor</u>, 763 S.W.2d 756, 761 (Tenn. Crim. App. 1988); <u>State v. Newsome</u>, 744 S.W.2d 911, 915 (Tenn. Crim. App.), <u>perm. to appeal denied,</u> (Tenn.1987); <u>State v. Mayo</u>, 735 S.W.2d 811, 816-17 (Tenn. Crim. App. 1987). A jury is presumed to follow a trial judge's curative instruction. <u>State v. Smith</u>, 893 S.W.2d 908, 914 (Tenn. 1994), <u>cert. denied</u>, 516 U.S. 829, 116 S. Ct. 99 (1995); <u>State v. Williams</u>, 929 S.W.2d 385, 388 (Tenn .Crim. App. 1996). In light of the curative instruction and the vagueness of the unsolicited statement, we cannot conclude that the remarks of Ms. Spencer "affirmatively appear to have affected the result of the trial on the merits." Tenn. R. Crim. P. 52(a). We are satisfied that any error that occurred as a result of the admission of the statement was harmless. <u>See</u> Tenn. R. App .P. 36(b); Tenn. R .Crim. P. 52(a). This issue is without merit.

For the reasons stated herein, we affirm the judgment of conviction entered by the trial court.

_____
DAVID G. HAYES, JUDGE