# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 9, 2003 Session

## STATE OF TENNESSEE v. MAURICE LASHAUN NASH
### Appeal by Permission from the Court of Criminal Appeals
### Circuit Court for Tipton County
### No. 3933    Joseph H. Walker, Judge

---

### No. W2001-01703-SC-R11-CD - Filed May 21, 2003

---

Maurice Lashaun Nash was tried before a Tipton County jury for possession of marijuana, a schedule VI controlled substance, with intent to deliver. The jury convicted Nash of the lesser-included offense of facilitation of possession of marijuana with the intent to deliver. On appeal, the Court of Criminal Appeals concluded that there was insufficient evidence to support an instruction to the jury and conviction on the lesser-included offense of facilitation of possession with the intent to deliver. The Court of Criminal Appeals reversed Nash's conviction and remanded the case to the trial court for a new trial on the charge of simple possession. Both Nash and the State sought permission to appeal the decision of the Court of Criminal Appeals. We granted both petitions and after conducting a thorough review of the record and applicable law, we hold that there was sufficient evidence to support a conviction for facilitation of possession of marijuana with the intent to deliver. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the trial court for enforcement of its judgment of conviction.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Judgment of the Trial Court Reinstated

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Kathy Aslinger, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Ryan D. Brown, Assistant District Attorney General, for the appellant, State of Tennessee.

C. Michael Robbins, Memphis, Tennessee, for the appellee, Maurice Nash.

## OPINION

## STATEMENT OF THE CASE

In August of 1999, Tipton County Reserve Deputy Chris Smith was driving northbound on Route 51 in Brighton, Tennessee when he saw a white four-door vehicle with a drive-out tag. Deputy Smith stopped the vehicle because he could not read the date of expiration on the drive-out tag. Deputy Smith testified that he initially believed the driver to be alone in the vehicle, but as he approached, two people sat up in the back seat. The driver and owner of the vehicle was Fidel Jefferson. Maurice Lashaun Nash was seated in the back passenger-side seat along with Lavena Adams who was seated directly behind the driver.

As Deputy Smith approached the rear of the vehicle, he smelled the "strong odor of marijuana." Jefferson lowered his window and gave his driver's license to Deputy Smith so a "check of the license" could be performed. At that time, Deputy David Graham arrived on the scene. Deputy Smith advised Deputy Graham of the reason for the stop, and that there was a strong odor of marijuana emanating from the vehicle. Deputy Graham approached the passenger-side of the vehicle and likewise detected the strong odor of marijuana. After Deputy Smith confirmed the status of Jefferson's driver license, he asked Jefferson to step out of the vehicle. Deputy Smith gave Jefferson a verbal warning regarding the drive-out tag and asked if there was anything in the vehicle that the officers should know about. When Jefferson responded in the negative, Deputy Smith asked for, and was given, consent to search the vehicle. Maurice Nash and Lavena Adams were instructed to "stand at the rear of the vehicle" while Deputy Graham searched the vehicle.

Underneath the front passenger-side seat, Deputy Graham discovered a brown paper bag containing what appeared to be a "brick" of marijuana along with other drug-related paraphernalia. At trial, Deputy Graham indicated that the brown paper bag was located in an area out of reach of Jefferson, but within reach of someone sitting in the back seat. After the discovery of the marijuana, Deputy Graham asked Nash, Jefferson, and Adams, "Does anybody know anything about the brown paper bag in the car?" Nash responded, "It's mine." Deputy Graham then motioned to Nash and asked, "It's yours?" Again, Nash responded in the affirmative. Deputy Smith thereafter placed Nash under arrest and transported him to a detention facility for processing. In March of 2000, Nash was indicted for possession of marijuana with the intent to deliver.

At trial, Lavena Adams, the only defense witness called to testify, stated that she had just left work when Nash and Jefferson asked her if she wanted to go riding. Adams testified that she and Nash sat in the back seat, with the defendant sitting behind the front passenger seat. Adams recalled falling asleep in the vehicle and being awakened by Nash and Jefferson going into an apartment complex. In a statement to police the night of the arrest, Adams said that "they [Jefferson and Nash] came out with a brown paper bag." However, at trial, Adams testified that Nash exited the apartment alone and Jefferson followed a few minutes later carrying the brown paper bag. Adams recalled that Jefferson placed the bag near the front center console of the vehicle. Adams again fell asleep until she heard Jefferson say that the police were behind their car. Prior to Deputy Smith approaching the vehicle, Adams testified that she saw Jefferson reach under the passenger-side seat. Adams further stated that she did not hear Nash answer any questions posed by police about the brown paper bag.

2

TBI forensic scientist Dana Rose testified that she had analyzed the "brick" shaped substance in the brown paper bag and determined that it was 443.8 grams of marijuana. Investigator Randall Robbins testified that marijuana is often compressed in "brick form" for ease of transportation. He approximated the street value of the brick of marijuana to be between $800 and $1200. Combined with the large quantity of lighters and rolling papers found in the car, Robbins concluded that the marijuana was likely to be used for resale.

At the close of the evidence, the trial court instructed the jury on the charged offense of possession of marijuana with the intent to deliver, criminal responsibility, facilitation of possession with the intent to deliver, and simple possession. The defendant did not object to any of the instructions on the lesser-included offenses. After deliberation, the jury convicted the defendant of the lesser-included offense of facilitation of possession of marijuana with the intent to deliver. The trial court sentenced the defendant to eleven months, twenty-nine days, with the sentence to be served consecutively to a one-year, six month sentence ordered in a companion case.

The Court of Criminal Appeals reversed the defendant's conviction, holding that there was insufficient evidence to support the essential elements of the crime of facilitation of the charged offense beyond a reasonable doubt. The Court of Criminal Appeals concluded that it was plain error by the trial court to have instructed the jury on the lesser-included offense of facilitation of the charged offense. The case was remanded to the trial court for a new trial on the lesser offense of simple possession. Both the State of Tennessee and the defendant appealed the decision of the Court of Criminal Appeals. Before this Court, the State argues that there was sufficient evidence presented at trial to support an instruction, and subsequent conviction, on the lesser-included offense of facilitation of possession of marijuana with the intent to deliver. In response, the defendant argues that the Court of Criminal Appeals properly reversed the conviction on the basis of insufficient evidence. However, the defendant argues that the Court of Criminal Appeals erred in remanding the case for a new trial on the lesser-included offense of simple possession because double jeopardy precludes retrial. For the reasons stated herein, we reverse the decision of the Court of Criminal Appeals and hold that the evidence was sufficient to support a jury instruction and subsequent conviction for facilitation of possession of marijuana with the intent to deliver.

## ANALYSIS

### *Standard of Review*

When the sufficiency of the convicting evidence is challenged on appeal, we begin "with the premise that a guilty verdict 'removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient.'" State v. Ross, 49 S.W.3d 833, 844 (Tenn. 2001) (quoting State v. Williams, 913 S.W.2d 462, 466 (Tenn. 1996)). On appeal, the State is entitled to the strongest legitimate view of the evidence, and is "entitled to all reasonable and legitimate inferences that may be drawn from the evidence." Id. at 844-45 (citing State v. Hall, 8

S.W.3d 593, 599 (Tenn. 1999)). Accordingly, when a party challenges the sufficiency of the evidence, the standard for review by an appellate court is whether, after considering the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See id. at 845 (quoting State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000)); see also Tenn. R. App. P.13(e); Jackson v. Virginia, 443 U.S. 307 (1979). Moreover, the determination of what, if any, lesser-included offense ought to be charged is a mixed question of law and fact and requires a de novo review with no presumption of correctness. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

### *Sufficiency of the Evidence*

The parties correctly agree that facilitation of the charged offense is a lesser-included offense under part (c) of the test established in Burns.[1] Therefore, the sole issue before this Court is whether the evidence presented at trial was sufficient to support an instruction and subsequent conviction for facilitation of possession of marijuana with the intent to deliver. The trial court instructed the jury on the charged offense of possession of marijuana with intent to deliver, criminal responsibility, facilitation of possession with intent to deliver, and simple possession.[2] Under Tennessee law, facilitation of a charged offense is established by proof that "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403.

---

[1] In Burns, we stated that an offense is a lesser-included offense of the greater if:
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or (c) it consists of (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b); or (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b); or (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b).

Burns, 6 S.W.3d at 466-67.

[2] As we noted in State v. Allen, "[t]he same evidence may support instructions on both criminal responsibility and facilitation." 69 S.W.3d 181, 188-89 n.2 (Tenn. 2002) (citing State v. Bowles, 52 S.W.3d 69, 75 (Tenn. 2001)).

In <u>Burns</u>, we held that a two-step analysis is necessary to determine if an instruction on a lesser-included offense is supported by the evidence. First we must determine if any evidence exists that "reasonable minds could accept as to the lesser-included offense. Second, we must determine if the evidence when viewed liberally in the light most favorable to the existence of a lesser-included offense, is legally sufficient to support a conviction for the lesser-included offense." <u>State v. Richmond</u>, 90 S.W.3d 648, 660 (Tenn. 2002) (citing <u>Burns</u>, 6 S.W.3d at 469). Importantly, "[t]he trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the theories of the parties, controls whether an instruction is required." <u>State v. Allen</u>, 69 S.W.3d 181, 187-88 (Tenn. 2002).

In reversing the trial court, the Court of Criminal Appeals concluded that:
> [t]here was no evidence that the Appellant knew Jefferson intended to get marijuana from inside the residence or that the Appellant knew the substance inside the bag was marijuana. The Appellant's mere presence in the car and the apartment complex is not enough to constitute substantial assistance in the commission of the felony. Furthermore, the statements made by the Appellant claiming sole ownership of the marijuana are in contradiction to the charge of facilitation.

Accordingly, the Court of Criminal Appeals held that "we are constrained to note 'plain error' by the trial court in submitting to the jury the offense of facilitating the possession of marijuana." The State argues that the evidence was indeed sufficient to support both the instruction and conviction for facilitation of possession of marijuana with intent to deliver. We agree with the State.

Viewing the evidence in the light most favorable to the State, we conclude that it is more than sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant knowingly facilitated possession of marijuana with the intent to deliver. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See <u>State v. Morris</u>, 24 S.W.3d 788, 795 (Tenn. 2000); <u>State v. Pappas</u>, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). The jury, as finder of fact, obviously believed that Nash knowingly provided substantial assistance to Jefferson in the possession of marijuana.

The evidence established, and a reasonable jury could have concluded, that at the time the vehicle was initially stopped by police, one or more of the occupants had been recently smoking marijuana due to the strong odor detected by Officers Smith and Graham. Additionally, the jury could have concluded that Nash and Jefferson entered the apartment together for the purpose of obtaining marijuana. The jury could have also found that Nash observed and was aware of Jefferson's attempt to hide the marijuana from the police by removing it from the front center console and placing it under the front passenger seat. Indeed, when police approached the stopped vehicle, it was Nash, not Jefferson, who was in physical control of the marijuana due to his proximity

to the brown paper bag. Furthermore, the evidence established that Nash was willing to provide substantial assistance to Jefferson even to the point of taking full responsibility for the crime. Finally, given the large quantity of marijuana along with the drug paraphernalia, it was reasonable to find that Jefferson possessed the marijuana with the intent to sell or deliver. Clearly, the evidence was more than sufficient for a jury to conclude that Nash knowingly offered substantial assistance to Jefferson, thus facilitating the felonious possession of marijuana with the intent to sell or deliver.[3]

Additionally, we note that the Court of Criminal Appeals placed significance on the fact that Jefferson was not indicted in addition to Nash. However, the failure to indict Jefferson is not relevant to Nash's conviction for facilitation of possession. Tennessee Code Annotated section 39-11-407(2) states that it is no defense to facilitation that "[t]he person for whose conduct the defendant is criminally responsible has been acquitted, *has not been prosecuted* or convicted, or is immune from prosecution." (Emphasis added). Therefore, the failure to indict Jefferson is not fatal to the defendant's conviction for facilitation of the charged offense. Cf. State v. Gennoe, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992) (affirming a conviction for facilitation of sexual battery without another being convicted as the principal in the crime).

### CONCLUSION

We hold that the trial court did not err in charging the jury on the lesser-included offense of facilitation of possession of marijuana with intent to deliver. We also hold that the evidence presented at trial was sufficient to support a conviction for facilitation of possession of marijuana with the intent to sell or deliver. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated. This cause is remanded to the trial court for enforcement of its judgment.

It appearing from the record that the defendant is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE

---

[3] Because we find the evidence sufficient to support the conviction for facilitation of possession, the defendant's argument that double jeopardy precludes retrial on the lesser-included offense of simple possession is rendered moot.