IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## STATE OF TENNESSEE v. ROXA H. PERKINS

**Direct Appeal from the Circuit Court for Coffee County**
**No. 30,437     L. Craig Johnson, Judge**

---

**No. M2002-02993-CCA-R3-CD - Filed August 10, 2005**

---

In this appeal the defendant, Roxa Perkins, contests her conviction of possession of over .5 grams of a Schedule II controlled substance with the intent to sell or deliver same. She raises four (4) issues for review: (1) whether the warrantless seizure and detention of the defendant violated her constitutional rights; (2) whether probable cause and exigent circumstances existed which justified a warrantless search of the defendant's vehicle; (3) whether the trial court erred in failing to instruct the jury with respect to lesser included offenses of facilitation, attempt, and facilitation of attempt to possess drugs with the intent to sell or deliver; and (4) whether the defendant received the effective assistance of counsel. After a thorough review of the record and the applicable legal authorities we find no reversible error or ineffective assistance of counsel and we therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. JOHN EVERETT WILLIAMS, J., filed a concurring opinion.

Jeffrey S. Pulley (on appeal), Nashville, Tennessee, and Aubrey L. Harper, Jr. (at trial), McMinnville, Tennessee, for the appellant, Roxa H. Perkins.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; Charles M. Layne, District Attorney General; and Douglas D. Aaron, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was indicted in June of 2000 by the Coffee County Grand Jury for possession of .5 grams or more of cocaine with the intent to sell or deliver. Prior to trial, the defendant filed a broadly drafted motion to suppress the evidence which reads as follows:

MOTION TO SUPPRESS

Comes, Roxa Perkins, Defendant, by counsel and moves the Court to Suppress the search of the automobile driven by the defendant on the evening of October 25, 1999. Defendant asserts that the said search conducted by Chad Partin and Lee Nettles, who and (sic) was assisted by Mark Yother and Ronnie Grey all of whom were and are authorized law enforcement officers in Coffee County, Manchester, Tennessee, was an unreasonable search. Unreasonable searches are prohibited by both the Tennessee and United States Constitution respectively.

Wherefore, Defendant moves for a hearing to challenge the constitutional issue of unreasonable searches and seizures.

After a hearing, the trial court denied the motion to suppress. After a jury trial, the defendant was found guilty of possession of more than .5 grams of cocaine with the intent to sell or deliver, a Class B felony. As a result, the defendant was sentenced to nine (9) years as a Range I standard offender. The defendant filed a timely notice of appeal. On appeal, the defendant argues that: (1) the warrantless seizure coupled with her continued detention violated her constitutional rights; (2) there was neither probable cause nor exigent circumstances that justified the warrantless search of the defendant's vehicle; (3) the trial court erred in failing to instruct the jury as to the lesser included offenses of facilitation and attempt to commit the charged offense; and (4) the defendant was denied effective assistance of counsel.

**Facts**

The defendant urges us to consider only the facts as developed in the suppression hearing. However, in light of State v. Henning, 975 S.W.2d 290, 297 (Tenn. 1998), we are compelled to also consider both the evidence as developed at the suppression hearing and the evidence adduced at trial relating to the search and seizure.

Agent Chad Partin of the Coffee County Drug Task Force testified that he received information from a confidential informant that drug trafficking was occurring at the McGee residence located at 26 Ingram Street in Manchester. The informant notified Agent Partin that the drugs were supplied by Bobby Perkins, a black male from Franklin County. The informant had supplied information in the past that resulted in two (2) felony drug convictions. Agent Partin sought information about Perkins from officers in Franklin County who confirmed that Perkins was a suspected drug dealer. The officers from Franklin County warned Agent Partin that Perkins was known to carry a weapon and, if confronted, Perkins might flee or ingest the drugs. Agent Partin stated that Perkins was expected to be driving either a white two-door Chevrolet car or an older brown Ford pickup.

Surveillance was set up on the McGee residence beginning on October 18, 1999, but initial surveillance was apparently unsuccessful. On October 25th, the informant was given $260, with

instructions to go to Luann McGee and buy cocaine. The informant was equipped with a wire transmitter that was monitored by the officers. The informant went to the McGee residence and then left with Mrs. McGee to place a phone call at a local market to order the cocaine. The informant stated that the order was placed at 7:00 p.m. and that Bobby Perkins would deliver the drugs in approximately an hour.

Agent Partin and Agent Lee Nettles took a position on foot across the street from the McGee residence. Officers Mark Yother and Ronnie Gray of the Manchester Police Department were stationed nearby in a vehicle. According to Agent Partin, a small, white two-door car arrived and parked at the McGee residence at approximately 8:30 p.m. At that time, Agents Partin and Nettles rushed the vehicle, shouting orders. The Agents yelled, "police officer. Get your hands up. Get your hands up where we can see them." It was nearly dark outside and the officers could not see who was in the vehicle. When the driver, the defendant, lowered her hands out of sight of the officers, Agent Partin broke out the glass of the driver's window with a flashlight. The defendant was immediately removed from the vehicle and handcuffed. The officers learned from the defendant that she was Bobby Perkins' wife. The defendant informed the officers that Bobby Perkins was on his way to the residence. At some point during her detention, the defendant told the officers she would help them if, in fact, her husband was selling drugs.

The officers conducted a cursory search of the defendant's vehicle. Agent Partin first claimed that the search was for cocaine, but later characterized the search as a brief weapons search of less than one (1) minute in duration. No contraband was found during the search of the vehicle. Luann McGee came out from her residence holding a cigarette pack. Officer Yother examined the cigarette pack and found $260. Mrs. McGee informed Officer Yother that a neighbor brought the money to her to purchase cocaine. Officer Yother received consent from Mrs. McGee to search her house. The defendant was taken inside the McGee residence with the officers, and surveillance continued in anticipation of Bobby Perkins' arrival. At least twice during the wait, the defendant requested to use the restroom. She was later taken to the jail, strip searched by consent, allowed to use the restroom and then brought back to the McGee residence. According to Officer Yother, the defendant gave oral consent to Officer Yother for a second search of the vehicle after she returned from being strip searched at the jail. Officers Nettles and Gray searched the vehicle for a second time and found a small quantity of cocaine. The seized contraband was placed in an evidence envelope. The information on the envelope indicated that the vehicle arrived at the residence at 8:20 p.m. and that the contraband was discovered at 10:15 p.m.

### Analysis

On appeal, the defendant complains that the warrantless seizure coupled with her continued detention violated her constitutional rights and that there was neither probable cause nor exigent circumstances present to justify the warrantless search of her vehicle. The State takes the position that the defendant did not challenge the constitutionality of her arrest in the suppression motion; therefore, the defendant is barred from addressing this issue on appeal. The record of the

suppression motion argument reflects that the issue of detention and arrest were raised at the hearing. Accordingly, we will address the issue.

Pursuant to Tennessee Code Annotated section 40-7-103(a), officers may effect a warrantless arrest when they have probable cause to believe that the defendant has committed or is committing a felony. State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993). Probable cause to arrest would exist if the officers had "facts and circumstances within their knowledge and of which they had reasonably trustworthy information [which] were sufficient to warrant a prudent man in believing that the [defendant] had committed . . . an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); State v. Downey, 945 S.W.2d 102, 106 (Tenn. 1997).

The Fourth Amendment to the United States Constitution grants the right to be secure from unreasonable searches and seizures and prohibits the issuance of warrants without probable cause. Article I, section 7 of the Tennessee Constitution is identical in purpose and intent with the Fourth Amendment. State v. Troxell, 78 S.W.3d 866, 870 (Tenn. 2002). Under both constitutions, a warrantless search or seizure is presumed to be unreasonable, and the resulting evidence is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000).

These constitutional protections against unreasonable searches and seizures also apply to vehicles. Troxell, 78 S.W. 3d at 870-71. In order to stop a vehicle, a law enforcement officer must have probable cause or reasonable suspicion supported by specific and articulable facts to believe an offense has been or is about to be committed. State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). In determining whether reasonable suspicion existed for the stop, a court must consider the totality of the circumstances. Binette, 33 S.W.3d at 218.

The officers in this case received information from an informant, who had proven reliable in the past, that Bobby Perkins would deliver cocaine to the McGee residence within a time frame of 8:00 p.m. to 8:30 p.m. The information provided that Perkins would be driving either a small, white two-door car or a brown pickup truck. The officers had independent corroboration through other police agencies that Perkins was dealing drugs. In addition, the arresting officers monitored the informant's conversation with Luann McGee during the time she placed the order for cocaine. At approximately 8:20 p.m., a small, white car arrived on schedule and parked at the McGee residence. The only non-conforming detail was that the driver was the defendant, the wife of Bobby Perkins. In our view, a prudent officer, under the totality of circumstances, could reasonably conclude that the defendant was acting as a courier for their intended target. The defendant was immediately placed under custodial arrest.

We conclude that this information was sufficient to establish probable cause for a full scale, thorough search of the defendant's vehicle from the moment the defendant arrived at the McGee residence. The ready mobility of the vehicle justified the warrantless search. See State v. McCrary, 45 S.W.3d 36, 45 (Tenn. Crim. App. 2000) (citations omitted). It is not necessary therefore to

address the legality of the two (2) hour detention of the defendant or whether that detention vitiated the voluntariness of the eventual consent to search the car. This detention, unlawful or not, has no nexus with the legality of the eventual full-scale search of the car because officers could have legally searched the car from their initial encounter with the defendant.

## Lesser Included Offense Instruction

The defendant next alleges that the trial court erred in its failure to instruct the jury on the lesser included offenses of facilitation, attempt or facilitation of attempt to possess drugs with the intent to sell or deliver. The State argues that the defendant failed to include the issue in the motion for a new trial. However, a review of the record reflects that an amended motion for new trial was filed on the date of the motion hearing. The amended motion for new trial included the issue regarding lesser included offenses. Thus, the issue is properly before this Court.

Facilitation of possession of a controlled substance with the intent to sell or deliver has been acknowledged as a lesser included offense of possession with intent to sell or deliver. See State v. Nash, 104 S.W.3d 495, 499 (Tenn. 2003). State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999), requires a two-step analysis to determine if an instruction on a lesser included offense is supported by the evidence: first, to determine if any evidence exists that reasonable minds could accept as to the lesser offense; and second, to determine by viewing the evidence liberally in the light most favorable to the existence of a lesser included offense, whether the evidence is sufficient to support a conviction for the lesser included offense. State v. Richmond, 90 S.W.3d 648, 660 (Tenn. 2002). "The evidence, not the theories of the parties, controls whether an instruction is required." State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002).

Facilitation is defined as follows:

[a] person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2) the person knowingly furnishes substantial assistance in the commission of the felony.

Tenn. Code Ann. § 39-11-403(a).

Criminal responsibility, under Tennessee Code Annotated section 39-11-402(2), is:

Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids or attempts to aid another person to commit the offense.

In the case herein, the defendant denied any knowledge that her husband was dealing drugs. Further, the defendant never claimed that she was merely transporting or facilitating a delivery. Accordingly, we conclude that the evidence did not justify an instruction on facilitation.

-5-

Similarly, the evidence does not support an instruction on attempt. Criminal attempt is defined in Tennessee Code Annotated section 39-12-101:

A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:

(1)     Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

(2)     Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3)     Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

The indicted charge does not require actual delivery of the controlled substance; thus, this is not an inchoate crime. The drugs were in the defendant's vehicle, under the defendant's control. Therefore, the evidence does not support a charge on the lesser included offense of attempt. This issue is without merit.

Ineffective Assistance of Counsel

The defendant's final issue concerns alleged ineffective assistance of counsel. We have repeatedly warned that the decision to include this issue on direct appeal is "fraught with peril." State v. Jimmy L. Sluder, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App., at Knoxville, Mar. 14, 1990), perm. app. denied, (Tenn. 1990). The defendant risks having the issue resolved finally "without an evidentiary hearing which, if held, might be the only way harm could be shown - a prerequisite for relief in ineffective trial counsel claims." Jimmy Wayne Wilson v. State, No. 909, 1991 WL 87245, at *6 (Tenn. Crim. App., at Knoxville, May 29, 1991).

The defendant claims that trial counsel was ineffective for the following reasons: (1) the motion to suppress was inadequate due to its brevity and time of filing; (2) counsel failed to cite authorities at the suppression hearing; (3) counsel failed to request jury instructions on facilitation and attempt; (4) counsel failed to interpose objections to hearsay testimony from witnesses at trial; (5) counsel advised the defendant not to testify at trial; and (6) counsel failed to offer evidence in support of the defendant's defense theory.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial.

Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In order to determine whether counsel provided effective assistance, we examine whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688).

Our review reveals that the motion to suppress filed by the defendant's counsel was brief, the motion was filed prior to trial and all the defendant's theories concerning an allegedly illegal search and arrest were presented to the trial court and considered. The defendant has not shown that a more detailed motion or a motion filed earlier would have produced a different result.

We have determined herein that the proof did not fairly raise the issues of facilitation or attempt to commit the underlying offense. It necessarily follows that the failure to request these instructions was not ineffective assistance of counsel.

The defendant alleges that trial counsel's failure to object to hearsay testimony allowed the State to establish a "volume of detrimental facts and information." However, the defendant has failed to establish to a reasonable probability, that but for counsel's error, the fact finder would have had a reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This probability must be "sufficient to undermine confidence in the outcome." Id. at 694. Based on the record before us, we cannot find that the defendant received ineffective assistance of counsel in this regard.

The defendant next contends that counsel was ineffective by advising her to not testify in her defense. However, the defendant clearly stated that she was in agreement with her attorney's advice in this regard and indicated that she did not desire the jury to hear evidence of her criminal record during her examination by the trial court. Having voluntarily waived her right to testify, she cannot now argue she received ineffective assistance of counsel with respect to this issue.

The last issue raised by the defendant concerning ineffective counsel relates to trial counsel's failure to call witnesses to support her defense theory. This argument illustrates the peril of raising post-conviction issues on direct appeal. Without the benefit of a full evidentiary hearing, we do not

have the benefit of witnesses who could potentially support the defendant's defense. The defendant has again failed to prove ineffectiveness or prejudice.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE