**Robin Lee SCHULTZ, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 25, 1979.

Certiorari Denied by Supreme Court May 7, 1979.

Harry P. Ogden, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Kim A. Tollison and Randall E. Nichols, Asst. Dist. Attys. Gen., Knoxville, for appellee.

DUNCAN, Judge.

### OPINION

The appellant-defendant, Robin Lee Schultz, was indicted along with James Beeler and Jimmy Inman for the armed robbery of Robert Ruth, an employee of a Mini-Mart store in Knoxville. The jury was unable to reach a verdict as to Beeler and Inman, but found Schultz guilty of robbery by the use of a deadly weapon. He received a penitentiary sentence of 25 years.

The defendant contests the evidence, complains about an alleged illegal search and seizure and argues that he was prejudiced by the attorney general's argument to the jury. We find no reversible errors in this record and affirm the judgment of the trial court.

Shortly after 2:00 a. m. on January 8, 1978, a man wearing blue jeans and a red and black plaid jacket entered the Mini-Mart store and robbed Mr. Ruth of the sum of $101. The robbery was accomplished by the use of a .45 automatic pistol. Mr. Ruth positively identified the defendant as the person who had robbed him. At about the time of the robbery, Mr. and Mrs. Richard Varner, who lived nearby, had seen a suspicious person behind the store. Initially, a person had gotten out of an automobile, then after the vehicle circled the block, this individual got back in the vehicle. Mrs. Varner reported this information to the police, and within a few minutes a vehicle matching the description furnished by Mrs. Varner was stopped by police officers. The defendant was a passenger in the car, and after he and the other two occupants of the car had been arrested and placed in the police cruiser, the officers found a red and black plaid jacket in the back seat of the car and located on the floorboard on the passenger's side of the car a .45 automatic pistol. Clearly, this evidence along with Mr. Ruth's positive identification of the defendant as the robber warranted the guilty verdict returned by the jury. In fact, aside from any other evidence in the case, the jury, if they so chose, could have returned a verdict against the defendant based solely upon the identification testimony offered by Mr. Ruth. The defendant has not carried his burden to show that the evidence preponderates against his guilt and in favor of his innocence. The assignment on

the evidence is without merit. *Anderson v. State*, 207 Tenn. 486, 341 S.W.2d 385 (1960).

■ Likewise, we find the defendant's complaint about the search to be without merit. The trial court explored this matter at a jury-out hearing, at which the evidence showed that Mr. Ruth, immediately following the robbery, notified the police department of the details of the robbery. He furnished a general description of the robber and specifically described his clothing and the type of weapon that had been used. Mrs. Joyce Varner, at about the time of the robbery, had telephoned the police about the suspicious individual that she had seen behind the Mini-Mart store, and had furnished them with a description of the vehicle which she had seen him enter.

Police Officer Joe Fox testified that he received a radio dispatch about the robbery, along with a general description of the robber, including a description of his clothing and hair, and a description of the weapon used. Approximately one minute later, Officer Fox received another radio message which gave him the description of the suspect's vehicle that had been furnished to the police by Mrs. Varner. Armed with the foregoing information, Officer Fox and his fellow officer, Carl McCarter, spotted a car within seven minutes which fit the description they had been furnished. They stopped the vehicle, found the defendant in it as a passenger, arrested him and the two other occupants, and then observed through the car window a red and black plaid jacket on the backseat and recognized it as fitting the description of the one worn by the robber. Thereafter, the vehicle was searched and among other things, a fully loaded .45 automatic pistol wrapped in a raincoat was found on the floorboard on the passenger's side.

Unquestionably, the officers had positive information that a felony had been committed, and they had more than reasonable cause to believe that one or more of the occupants of the vehicle had committed it. Thus, probable cause was present to arrest the defendant and to conduct the search that was made. T.C.A. § 40–803(3); *Cham-*

*bers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Jones v. State*, 161 Tenn. 370, 33 S.W.2d 59 (1930).

We find the search conducted in this case to have been a lawful search, and the trial court did not err in allowing the jacket and pistol to be admitted into evidence.

■ In connection with this assignment, the State has filed a supplemental brief insisting that the defendant lacks standing to challenge this search and cites the recent United States Supreme Court decision in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) to support its position. The defendant, in reply thereto, correctly argues that the State's supplemental brief was filed without authority. Nevertheless, we were aware of the *Rakas* case from our own independent research prior to the filing of the State's supplemental brief. We deem it appropriate to comment on this case where the Supreme Court abandoned the "legitimately on premises" rule of *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In *Rakas*, the petitioners were passengers in a car in which they asserted neither a proprietary nor a possessory interest; nor did they assert any interest in the property seized from the car. The court held that under those circumstances the petitioners lacked standing to challenge the search, noting that "the phrase 'legitimately on premises' coined in *Jones* creates too broad a gauge for measurement of Fourth Amendment rights." *See* 439 U.S. at 142, 99 S.Ct. at 429.

In *Rakas*, the court reiterated the rules that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be asserted vicariously," and that, "a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *See* at 133, 99 S.Ct. at 425.

■ In the present case, the defendant Schultz made no claim of ownership or oth-

er interest in the automobile searched. Likewise, he made no assertion that he owned or had any possessory rights to the items seized, and made no showing that he had any legitimate expectation of privacy in the areas searched. Thus, even though we have found probable cause was present in this case, we must also conclude that under *Rakas,* the defendant lacked standing to contest the search in the first instance.

In his final assignment of error, the defendant complains of the attorney general's closing argument.

Counsel for one of Schultz's co-defendants, in his summation to the jury, argued that none of the proceeds of the robbery had been found in the vehicle, and insisted that if the defendants had actually been guilty, it would have been logical for them to have kept the relatively small amount of cash and hidden the gun.

In attempting to respond to this argument of defense counsel, the attorney general argued, "Why didn't they throw the gun away? There are other Mini-Marts in Knox County."

In our opinion, this comment by the attorney general was improper, but we hold that it does not rise to the level of reversible error. Under the facts and circumstances in this case, this isolated comment by the attorney general was harmless. T.C.A. § 27–117. The evidence of the defendant's guilt is conclusive, and this comment did not affect the verdict of the jury to the defendant's prejudice. *Harrington v. State,* 215 Tenn. 338, 385 S.W.2d 758 (1965); *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr. App.1976).

We overrule the defendant's assignments of error.

Affirmed.

WALKER and DAUGHTREY, JJ., concur.