**STATE of Tennessee, Appellee,**

**v.**

**Patricia McADAMS, Marie Boyd, a/k/a Linda Dotson, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 17, 1982.

Permission to Appeal Denied as to Patricia McAdams Sept. 13, 1982.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, W.B. Lockert, Jr., Dist. Atty. Gen., Ashland City, for appellee.

Dale M. Quillen, Nashville, for Patricia A. McAdams.

Tom Stump, Waverly, for Marie Boyd.

OPINION

O'BRIEN, Judge.

These defendants, together with two others, whose appeals are not before us, were indicted in both Humphreys and Dickson Counties on a number of charges. All of these have been otherwise disposed of except Indictment Nos. 3480 and 3480B in Humphreys County. In No. 3480 McAdams entered a plea of nolo contendere and received a one (1) year sentence to be served

concurrently with sentences adjudged on some of the other offenses. Under Indictment No. 3480A Marie Boyd, also referred to in this record as Maureen Boyd, pleaded nolo contendere and received a sentence of one (1) year to be served concurrently with other sentences imposed. The right was reserved to appeal a certified question of law dispositive of the case relative to the legality of a search and seizure of stolen property.

In the first issue raised defendants say the search of their person and a vehicle owned by McAdams was incident to an arrest without probable cause and so was invalid.

A summary of the testimony and evidence is essential to a resolution of this issue. McAdams and Boyd traveling with two male companions in McAdams' 1980 maroon colored Mercury Cougar automobile stopped at a roadside market in McEwen, Tennessee where McAdams pilfered two packages of Kool cigarettes. She was observed in the act by the store clerk who immediately called the police giving them a description of the automobile, including its license number, and a lesser description of its occupants. Within minutes this description was broadcast on the police radio with the information that the occupants of the automobile were guilty of either shoplifting or petit larceny. The defendants were apprehended by a police officer within minutes. Two packages of Kool cigarettes were found in the purse of Ms. McAdams, who had consented to its search. She also consented to a search of her automobile. Four credit cards were found in the glove compartment. It was developed that these cards had been stolen and they were the basis for some of the charges against the defendants. McAdams also consented to a search of the automobile trunk, although she stated the key was not in her possession at the time. The trunk of the vehicle was not searched at the roadside park where it had been stopped. It was removed to police headquarters where a short time later the trunk was opened by the use of an electrical switch with which the automobile was equipped. A large quantity of clothing from two separate stores in Dickson, Tennessee were discovered in the trunk.

A suppression hearing was held in which the foregoing evidence was generally confirmed by three of the five police officers involved. The only evidence offered on behalf of the defendant was the store clerk who had observed the theft. She testified it was her store manager and not she who called the police. She said she did subsequently talk to the Chief of Police on the phone about the circumstances and facts of the case.

Counsel for McAdams, who made the principal argument, stated to the trial court with commendable candor that the case substantially turned on an analysis of T.C.A. § 40–825. It was his contention that the officers did not have probable cause to make the arrest. T.C.A. § 40–825 specifically says, "Any peace officer may arrest without warrant any person he has probable cause for believing has committed larceny in retail or wholesale establishments." It was defendant's contention that because the officer had been advised, and had informed the defendants, that they were guilty of shoplifting, which is a misdemeanor, as opposed to larceny, which is a felony, that the officers did not have probable cause to arrest without a warrant.

An arrest is not rendered unlawful by the fact that an officer who has authority to make an arrest for a particular offense erroneously states he is making an arrest for some other offense, or even for a cause which is not in fact an offense, or states the offense inaccurately. See C.J.S., Volume 6A, Arrest, p. 112, note 84, and cited cases. Moreover, this Court has held in *Schultz v. State,* 584 S.W.2d 223, (Tenn. Cr.App.1979), under very similar circumstances, that probable cause exists where police officers have been informed of a robbery, received a description of the robber and the suspect vehicle. In *Schultz* the police had a more detailed description of the robber's personal appearance however we are of the opinion that description of the occupants of the McAdams' automobile in

this case was sufficient to establish probable cause for their stop and detention. The mere fact that the shopkeeper reporting the offense, and the police radio dispatcher, used the term "shoplifting" did not lessen the validity of the arrest. In addition to what we have said about probable cause, we conclude that Ms. McAdams gave her consent for the search of her automobile. The fact that the trunk of the automobile was not searched until it was removed to the police station is of little consequence. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In regard to the other defendants, they have made no claim of ownership or other interest in the automobile searched. They made no assertion that they owned or had any possessory rights to the items seized, and made no showing that they had any legitimate expectation of privacy in the areas searched. Therefore, even though we have found probable cause was present in this case, and that the search was consensual on the part of McAdams, we also conclude that under the authority of *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the defendants, other than McAdams, lack standing to contest the search in the first instance. See *Schultz v. State,* supra.

We find the judgment of the trial court must stand affirmed.

DUNCAN and TATUM, JJ., concur.